v.

**Louis F. SANDERS, Jr., Appellee.**

Court of Appeals of Kentucky.

Sept. 16, 1960.

**UNIVERSAL C.I.T. CREDIT CORPORATION, Appellant,**

v.

**Delmas CAUDILL, Appellee.**

Court of Appeals of Kentucky.

Sept. 16, 1960.

Joe Hobson, Prestonsburg, for appellant.

Hollie Conley, Prestonsburg, for appellee.

CULLEN, Commissioner.

Delmas Caudill purchased an automobile from Music Motor Company under a conditional sales contract calling for 24 monthly payments of $66.32 each. The contract was assigned to Universal C.I.T. Credit Corporation. Some seven months later Caudill sold the car to one Fred Martin, who continued making the required payments for a number of months but eventually defaulted, leaving a balance due of $291.70. Universal sued both Caudill and Martin for this sum. An agreed judgment went against Martin but the case as to Caudill was submitted to a jury, which returned a verdict in his favor. Universal's motion for judgment n. o. v. was overruled and judgment was entered dismissing the complaint as against Caudill. Universal has moved for an appeal from that judgment.

The theory of Caudill's defense was that when the car was sold to Martin, Universal agreed to look solely to Martin and to release Caudill from all further liability. Under no view can it be found that this defense was established. Universal introduced in evidence a written agreement, purporting to bear Caudill's notarized signature, which specifically stated that Caudill was in no way released from his obligations by the transfer of the car to Martin. Even if it be assumed that Caudill was entitled (as he attempted) to prove the nonexecution of the written agreement (without a direct attack on the notary's certificate), and thus could show that the actual agreement was different from that stated in the writing, he failed utterly to prove any different agreement. The most he could say was that "It was my understanding that if the company accepted him that would free me of all debts on that particular item." He did not say that any representative of Universal so agreed or even so represented.

The motion for an appeal is sustained and the judgment is reversed with directions to enter judgment against Caudill in the amount prayed for.